IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10904
Conference Calendar
_____


STANLEY J. STEVENS,

                                        Plaintiff-Appellant,

versus

CHARLES MARTIN; ANDREA JOHNSON,

                                        Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:95-CV-557
- - - - - - - - - -
December 19, 1995
Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Stevens appeals the dismissal of his 42 U.S.C. § 1983 action

as frivolous under 28 U.S.C. § 1915(d).  Stevens argues on appeal

that he did not have a fair revocation hearing due to the acts of

the defendants who conspired in a mutual scheme to deny him his

constitutional rights when the witnesses he subpoenaed to testify

at the revocation hearing proved him to be innocent.  He contends

that the defendants abused their authority by taking it upon

_____

     [*]     Local Rule 47.5.1 provides:  "The publication of
opinions that merely decide particular cases on the basis of
well-settled principles of law imposes needless expense on the
public and burdens on the legal profession."  Pursuant to that
Rule, the court has determined that this opinion should not be
published.

themselves to revoke his parole knowing that he was innocent from the witness's own confession. Stevens alleges that Douglas Burns confessed to forging the prescription at the revocation hearing. He does not address the bases of the district court's dismissal.

We have reviewed the record and the district court's opinion and find no reversible error. Further, we find that Stevens' appeal is frivolous, and accordingly, we DISMISS it pursuant to 5th Cir. R. 42.2. Stevens was warned in <u>Stevens v. Hay's Pharmacy</u>, No. 95-10119 (5th Cir. Apr. 14, 1995) that filing future frivolous appeals would result in disciplinary sanctions. Stevens is hereby sanctioned in the amount of $100, and he is barred from filing any further civil, <u>pro</u> <u>se</u>, <u>in</u> <u>forma</u> <u>pauperis</u> appeals in this court, without the advance written permission of a judge of this court, until the sanction is paid.

APPEAL DISMISSED AS FRIVOLOUS.